# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TYRONE LESLIE FARRIS,** )<br>)<br>   **Petitioner,** )<br>)<br>v. )<br>)<br>**OKLAHOMA DEPARTMENT OF** )<br>**CORRECTIONS et al.,** )<br>)<br>   **Respondents.** ) | **Case No. CIV-25-400-R** |

## REPORT AND RECOMMENDATION

Tyrone Leslie Farris, a pro se Oklahoma prisoner appearing in forma pauperis, seeks habeas relief under 28 U.S.C. § 2241, alleging that Respondents violated his constitutional rights by miscalculating his time credits and committing constructive fraud. *See* Doc. 6.[1] Petitioner originally filed his amended petition in the United States District Court for the Eastern District of Oklahoma, *id.*, but that court transferred the matter to this Court because Petitioner is not confined in that district. *See* Doc. 9. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 13. For the reasons stated below, the undersigned

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

recommends dismissal of the amended petition as a (1) successive application for habeas relief under 28 U.S.C. § 2244(a) that was adjudicated and dismissed on the merits in a prior petition and (2) for failure to state a claim upon which relief can be granted.

## I.     Procedural history.

Petitioner is serving a ninety-nine-year sentence after his conviction of rape in the first degree in 1985. *See Inmate Locator*, https://okoffender.doc.ok.gov/ (OK DOC# 147186) (last visited April 29, 2025).

Petitioner has a long history of filing habeas petitions in this District. In 2015, Petitioner filed his first 28 U.S.C. § 2241 petition in this Court. *See Farris v. Allbaugh*, No. CIV-15-1116-R, 2016 WL 8711399, at *1 (W.D. Okla. Aug. 12, 2016), *adopted*, No. CIV-15-1116-R, 2016 WL 6680468 (W.D. Okla. Nov. 14, 2016), *order aff'd as modified*, 698 F. App'x 950 (10th Cir. 2017) (*Farris* I). Petitioner alleged, among other things, that the Oklahoma Department of Corrections (ODOC) miscalculated his "pre and post-*Ekstrand* credits." *Farris* I, 2016 WL 6680468, at *3.[2] Judge Russell dismissed the petition in its entirety with prejudice. *Id.* at *4.

---

[2]     In *Ekstrand v. State*, 791 P.2d 92, 94-95 (Okla. Crim. App. 1990), *abrogated in part on other grounds by Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993), the Oklahoma Court of Criminal Appeals held that state inmates who had committed their crimes before the November 1, 1988 effective date of the class-level system established in Okla. Stat. tit. 57, § 138 and the reduction in work credits in Okla. Stat. tit. 57, § 224, and who were

Petitioner appealed and received a certificate of appealability on whether "Oklahoma [] miscalculated the number of so-called *Ekstrand* credits . . . he [was] entitled [to]." *Farris* I, 698 F. App'x at 956-57. But the Tenth Circuit affirmed Judge Russell's order and found that Petitioner failed to exhaust his administrative remedies for his claims. *Id.* at 958. The Tenth Circuit provided Petitioner with an opportunity to exhaust his claims in Oklahoma's state courts by modifying the order to be non-prejudicial to Petitioner's claims. *Id.*

In 2018, Petitioner returned to this Court and filed his second § 2241 habeas petition. *Farris v. Martin,* No. CIV-18-738-R, 2021 WL 493421, at *1 (W.D. Okla. Feb. 10, 2021) (*Farris* II). He alleged that ODOC "erroneously administered his earned credits" and was holding him past his discharge date. *Id.* at *1-2. Petitioner again alleged that he was eligible for both pre- and post-*Ekstrand* credits. *Farris* II, 2020 WL 8768497, at *9 (W.D. Okla. Nov. 13, 2020). The undersigned recommended dismissal of the petition, in part, because Petitioner's claim that Respondent miscalculated his earned time credits was untimely under 28 U.S.C. § 2244(d)(1)(D). *Id.* at *2.

Judge Russell affirmed the undersigned's report and recommendation and dismissed Petitioner's claim that his time credits were miscalculated with prejudice. *Farris* II, 2021 WL 493421, at *4-6. The Court also declined to grant

---

disadvantaged by the amendments, were "entitled to the credits allotted under the statute effective on the date their crime was committed."

Petitioner a certificate of appealability. *Id.* at *5. Petitioner appealed, but the Tenth Circuit concluded that it lacked jurisdiction and dismissed the appeal because of Petitioner's failure to file a notice of appeal within thirty days of the entry of Judge Russell's order. *Farris* II, No. 21-6037, 2021 WL 4467565, at *1 (10th Cir. May 28, 2021).

Petitioner sought a writ of habeas corpus in the District Court of Comanche County, State of Oklahoma on May 3, 2024. *Farris v. Oklahoma ex rel. Dep't of Corr.,* No. WH-2024-1, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=WH-2024-1&cmid=2467331 (docket entry dated May 3, 2024) (last visited April 29, 2025) (*Farris* III). Petitioner alleges that ODOC committed constructive fraud in its response to his petition by "present[ing] an *incomplete* document," i.e., a Consolidated Record Card (CRC) to the state court. Doc. 6, at 3-4, 15-17. The state district court denied the petition because Petitioner failed to exhaust his administrative remedies and to show that he had a right to be immediately released. *Farris* III, No. WH-2024-1 (docket entry dated Aug. 28, 2024). Petitioner alleges that the state court's order violated his due process rights and "deprive[d] him of his liberties under the . . . First, Eight[h] and Fourteenth Amendments." Doc. 6, at 2.

Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals. *Farris v. Oklahoma Dep't of Corr.,* No. HC-2024-726,

https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=HC-2024-726&cmid=138545 (last visited April 29, 2025) (*Farris* IV). The OCCA denied the appeal on October 4, 2024, and held that Petitioner failed to "present[] any documentation [] demonstrat[ing] [his] entitle[ment] to immediate release." *Id.* (docket entry dated Oct. 4, 2024). The appeals court also held that the district court correctly denied the petition because of Petitioner's failure to exhaust his administrative remedies. *Id.*

On January 24, 2025, Petitioner filed his amended petition for habeas relief under 28 U.S.C. § 2241. Doc. 6. Petitioner asks the Court "to grant, a Writ of Habeas Corpus, for **constructive fraud** committed by [R]espondent['s counsel]" and seeks "his immediate release from [] imprisonment by ODOC." *Id.* at 1, 17. Petitioner again alleges that Respondents miscalculated his time credits and that he is being held past his discharge date in violation of his constitutional rights. *See generally* Doc. 6.

## II.  Screening.

Rule 4 requires this Court to promptly review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion . . . to dismiss the 28 U.S.C. § 2241 petition if it

5

appear[s] that the petitioner was not entitled to relief"). [3] Having screened the petition, the undersigned recommends the Court dismiss the amended petition as a successive application barred under 28 U.S.C. § 2244(a) and failure to state a claim upon which relief can be granted.

### A. Petitioner cannot reassert claims that this Court previously dismissed with prejudice.

"A petitioner's right to have his claims heard under § 2241 is limited by 28 U.S.C. § 2244(a)" which "authorizes a court to decline to hear a habeas petition that presents a claim raised and adjudicated on the merits in an earlier proceeding unless hearing the claim would serve the ends of justice." *Graewe v. English,* 796 F. App'x 492, 496 (10th Cir. 2019) (citing *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010)); *see also Lee v. Maye,* 667 F. App'x 297, 297 (10th Cir. 2016) (affirming dismissal of a claim raised in a § 2241 petition that was "duplicative" of a claim "previously asserted" and dismissed).

"To say that a claim was adjudicated on the merits is simply to say that it was not dismissed without prejudice; that is, a claim is dismissed 'on the merits' when the ruling—whether it is based on the substance of the claim or

---

[3] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) ("The Rules Governing 2254 Cases may be applied discretionarily to habeas petitions under § 2241." (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005)).

a procedural bar such as a statute of limitations—prohibits the party from bringing the same claim before the same court again." *Hill v. Daniels*, 504 F. App'x 683, 687 (10th Cir. 2012) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502-06 (2001)).

Petitioner raises the same claim that he asserted in his 2018 habeas petition. *Compare* Doc. 6, at 14 (claiming that he "has a clear <u>right to be properly released,</u> [because of] ODOC['s] improper calculations . . . result[ing] in [him] being held past his discharge[] [date] by at least eighteen (18) years.") with *Farris* II, 2021 WL 493421, at *2 ("At the root of Petitioner's complaints is his contention that the Department of Corrections has erroneously administered his earned credits, which if properly applied, would have resulted in his release years ago."). Petitioner again alleges his "***Ekstrand days*** were excluded by ODOC and replaced with Pre-88 credit[] levels automatically." Doc. 6, at 12.

Petitioner's claim that he is being wrongfully imprisoned and held past his discharge date due to a miscalculation of his *Ekstrand* time credits is identical to his claim that was previously dismissed with prejudice by this Court. Therefore, it should be dismissed as duplicative and successive of a claim that has been previously adjudicated on the merits. *See Stanko,* 617 F.3d at 1270 (noting that "the [Supreme] Court interpreted § 2244 as merely

codifying the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition.")[4]

Furthermore, hearing the claim would not serve the ends of justice since his claims about the deprivation of his credits would still be untimely under 28 U.S.C. § 2244(d)(1)(D). Therefore, the undersigned recommends that the Court dismiss the habeas petition because it is successive to Petitioner's prior habeas petition under 28 U.S.C. § 2244(a).

### B. The Court cannot review the state court's denial of Petitioner's habeas petition.

In his petition, Petitioner mostly restates allegations made in his prior habeas petitions, but he has added a constructive fraud claim. A constructive fraud claim is not one properly heard under § 2241.[5]

Liberally construing his amended petition, Petitioner maintains that Respondents presented an incomplete CRC to the state district court. *See* Doc. 6. He states that "[t]he CRC record card is material evidence, [and] if found to

---

[4] Although Petitioner originally filed his amended petition in the Eastern District, Doc. 6, this does not circumvent 28 U.S.C. § 2244(a)'s bar against successive habeas applications for claims that have been adjudicated on the merits "by a judge or court of the United States on a prior application for a writ of habeas corpus."

[5] "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Such attacks generally involve a "deprivation of good time credits and other disciplinary matters." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

8

be false testimony or [a] misrepresentation of the truth, . . . [it] unfairly . . . affected the judgment of the court." Doc. 6, at 14.

"[O]nly the United States Supreme Court has appellate authority to review a state-court decision." *Market v. City of Garden City*, 723 F. App'x 571, 572 (10th Cir. 2017). The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Johnson v. De Grandy,* 512 U.S. 997, 1005-06 (1994)). "[T]he doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). "*Rooker-Feldman*'s applicability turns on whether the relief sought . . . would reverse or 'undo' the state-court judgment." *Market,* 723 F. App'x at 574 (brackets and internal quotation marks omitted).

Here, Petitioner asks the Court to review proceedings in the state district court to determine the authenticity of documents presented by Respondents and whether the state court was improperly influenced as a result. Doc. 6, at 2-3. He states that "[t]he judication, by the state district court, that the days

9

earned were correct . . . was a mistake made by the use of [] incorrect calculations of [his] *Ekstrand* earned credits." *Id.* at 3. In essence, Petitioner asks this Court to reverse the state court's findings regarding the calculation of his earned credits. This is relief that this Court cannot grant. Therefore, the undersigned recommends dismissal of Petitioner's constructive fraud claim with prejudice.

### III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this habeas petition with prejudice as a successive application under 28 U.S.C. § 2244(a) and for failure to state a claim upon which relief can be granted.[6] The undersigned further recommends imposing filing restrictions against Petitioner to curb any further consideration of Petitioner's oft repeated claims of miscalculation of his *Ekstrand* credits. *See, e.g.*, *Cotner v. Boone*, 48 F. App'x 287, 289-90 (10th Cir. 2002) (disallowing the petitioner to "proceed further" on a claim raised in a prior § 2241 petition and imposing filing restrictions to ease the court's burden of addressing petitioner's continued "frivolous filings").

---

[6] Adoption of this Report and Recommendation will render moot Petitioner's outstanding motion for summary judgment. *See* Doc. 14. The undersigned notes the motion largely reiterates arguments raised in Petitioner's amended petition.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court **on or before May 20, 2025**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of April, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE