UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE LESLIE FARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-400-R |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends dismissal of Petitioner's amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner filed an Objection [Doc. No. 19], which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report to which a specific objection is made.

Petitioner's amended Petition for Writ of Habeas Corpus [Doc. No. 6] asserts that the Oklahoma Department of Corrections miscalculated his remaining sentence by failing to properly award him earned time credits and that Respondent committed constructive fraud by submitting an incomplete record during the adjudication of Petitioner's writ of habeas of corpus in state court. Judge Mitchell's Report adequately sets forth the procedural history of Petitioner's repeated attempts to show that he is being unlawfully detained because the State has failed to properly credit his sentence, and the Court will not repeat that history here. The Report concludes that Petitioner's claim regarding the

miscalculation of earned time credits was raised in a prior federal habeas action that was dismissed with prejudice as untimely, and his amended Petition should therefore be dismissed as a successive application. *See* 28 U.S.C. § 2244(a). The Report also concludes that Petitioner's constructive fraud allegations should be dismissed pursuant to the *Rooker-Feldman* doctrine as improperly seeking appellate review of a state court judgment.

Petitioner's Objection reiterates his belief that his earned time credits have been improperly calculated and faults the Report for not considering the merits of his claim, but does not present a coherent or adequately developed argument contesting conclusions reached in the Report. In any event, upon de novo review, the Court agrees with Judge Mitchell's recommendations. Petitioner's amended habeas Petition presents a claim regarding Respondent's alleged miscalculation of his earned time credits that was previously raised and adjudicated in *Farris v. Martin*, No. CIV-18-738-R, 2021 WL 493421, at *1 (W.D. Okla. Feb. 10, 2021). The amended petition is therefore a successive § 2241 petition and, because Petitioner has not shown that hearing his claim would serve the ends of justice, the Court finds that dismissal of the Petition under 28 U.S.C. § 2244(a) is warranted.

Additionally, Petitioner's claim that Respondent committed constructive fraud by presenting an incomplete record during a state court habeas proceeding is, essentially, a request to review and reject the state court's judgment regarding Petitioner's state habeas petition. However, under the *Rooker–Feldman* doctrine, "federal district courts have no jurisdiction to consider suits that amount to appeals of state-court judgments." *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (quotation omitted). Although a federal

district court can consider collateral challenges to state court judgments in the habeas context, Petitioner's allegations of constructive fraud do not present a cognizable habeas claim or other form of collateral relief.

Judge Mitchell's Report also recommends that filing restrictions be imposed against Petitioner to curb any further consideration of his claim regarding the miscalculation of his earned time credits. Petitioner does not raise a specific objection to this recommendation. Although the Court declines to impose filing restrictions at this time, Petitioner is cautioned that abusive or repetitive filings will result in the imposition of filing restrictions.

Accordingly, the Report and Recommendation [Doc. No. 18] is ADOPTED and the Habeas petition is dismissed with prejudice as a successive application and for failure to state a claim. All pending motions are denied as moot. The standard for issuance of a Certificate of Appealability is not satisfied in this case and a Certificate of Appealability is therefore denied.

IT IS SO ORDERED this 27th day of May, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE